IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01084-MSK-BNB

PAMELA K. HELSPER,

Plaintiff,

v.

JANET NAPOLITANO, Secretary, Department of homeland Security (Transportation Security Admin.), Agency,

Defendant.

## ORDER

This matter arises on **Defendant's Motion to Stay** [Doc. #18, filed 08/17/2011] (the "Motion"). I heard argument on the Motion this morning and made rulings on the record, which are incorporated here. For the reasons stated here and on the record this morning, the Motion is DENIED.

The defendant seeks to stay discovery (or, in essence, a protective order) until her motion to dismiss [Doc. #15] is resolved. "The decision to grant a protective order is vested in the district court's discretion" and will be reversed "only if that discretion is abused." Wang v. Hsu, 919 F.2d 130, 130 (10th Cir.1990). Upon a showing of good cause, a protective order staying discovery may be issued "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1)(A). "It is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all

issues of the broad complaint would be wasteful and burdensome." Kutilek v. Gannon, 132 F.R.D. 296, 298 (D.Kan. 1990).

The plaintiff is proceeding *pro se*. She filed her Title VII Complaint on April 22, 2011 [Doc. #1] (the "Complaint"). She alleges that she suffered gender discrimination, retaliation, and hostile work environment while employed by the Transportation Security Administration ("TSA") at the Denver International Airport ("DIA"). *Complaint*, p. 2. She further alleges that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 2, 2003; May 10, 2004; and July 23, 2005; and she received a right to sue notice on October 29, 2008.[1]  Id.

The defendant seeks dismissal of the Complaint for failure to state a claim because the plaintiff has failed to meet the pleading requirements of Fed.R.Civ.P. 8. *Motion to Dismiss* [Doc. #15], p. 5.

---

[1]After the plaintiff filed this action, the court dismissed Civil Action No. 08-cv-02223-WJM-BNB, a prior action filed by the plaintiff (the "Prior Action"). In the Prior Action, Ms. Helsper was one of four plaintiffs suing Janet Napolitano as Secretary of the Department of Homeland Security. *Prior Action*, [Doc. #21]. The plaintiffs asserted that they were discriminated against on the basis of race and gender by various supervisors and managers of the TSA at DIA. Id. at ¶ 10. The Complaint asserted two claims. In Claim One, Ms. Helsper alleged violations of Title VII of the Civil Rights Act of 1964 based on actions taken by TSA supervisors and managers from when she was hired in 2002 until she left her position at TSA. Id. at ¶¶ 20-23. Claim Two alleged that the actions of the supervisors and managers also constituted wrongful discharge and intentional infliction of emotional distress. Id. at ¶¶ 24-30.

Ms. Helsper's Title VII claims were dismissed as barred by the statute of limitations. Id. at Doc. #53. Ms. Helsper's tort claims were dismissed because she admitted that she did "not have claims cognizable under the [FTCA] that arose within the two years prior to the commencement of this civil action" and that "any claims based on the allegations raised in their amended complaints . . . that could have been brought under either the Federal Tort Claims Act or the Federal Employee Compensation Act have been abandoned since they were not brought within the applicable statute of limitations period." Id. at Doc. #88, p. 7; Doc. #94.

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted). Here, the Complaint is devoid of factual detail. However, in her response to the motion to dismiss, the plaintiff seeks an extension of time to amend her Complaint. Because Rule 8 requires that "[t]he court should freely give leave [to amend] when justice so requires," I cannot say that this case is likely to be finally concluded on resolution of the defendant's motion to dismiss.[2]

IT IS ORDERED that the Motion [Doc. # 18] is DENIED.

Dated September 19, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2] The remainder of the defendant's motion to dismiss addresses the plaintiff's claims that sound in tort. Because I find that the Title VII claims could survive the defendant's motion to dismiss, I do not address the defendant's arguments regarding tort claims.