IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01084-MSK-BNB

**PAMELA K. HELSPER,**

      Plaintiff,

v.

**JANET NAPOLITANO, Secretary, Department of Homeland Security (Transportation Security Administration),**

      Defendant.
_____

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
_____

      **THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss **(# 15)**, and the Plaintiff's *pro se* response **(# 19)**.

      The Plaintiff commenced this action *pro se* on April 21, 2011. Her Complaint **(# 1)** uses the form supplied by the Court for parties asserting employment claims under Title VII. She completed the section regarding exhaustion of administrative remedies, responding that she had received a Notice of Right to Sue from the Equal Employment Opportunity Commission on October 29, 2008. She also completed the "Nature of the Case" section of the form, indicating that she was asserted that the Defendant discriminated against her on the basis of her sex, that she was alleging a variety of adverse employment actions including termination, suspension, reassignment to an undesirable location, and claims sounding in retaliation and hostile environment sexual harassment, among others. However, where the form asks the Plaintiff to set forth the "supporting factual allegations," the Plaintiff has left the ensuing pages entirely blank; nothing in the Complaint gives any indication of the actual facts underlying the Plaintiff's claim.

(She did complete the prayer for relief section and sign the Complaint, however.)

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining, well-pled factual contentions as true and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, ___ F.3d ___, 2012 WL 364058 (10th Cir. 2012) (slip op.).

In conducting such an evaluation, the Court is mindful that the Plaintiff proceeds *pro se*. Thus, the Court construes her pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in her use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat her according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Because the Plaintiff has set forth no specific factual allegations with regard to her

claims, she has failed to plead a colorable claim for relief under the *Iqbal* standard. Even in cases such as *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002), where the Supreme Court emphasized that pleadings in employment cases need not only be detailed enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," the Court observed that the plaintiff's pleading "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* at 514. The Plaintiff's Complaint here gives no such indication of anything more than the bare fact that she asserts claims of various types; she does not supply dates or descriptions of any of the adverse actions that befell her, nor give any other indication as to why she believes those actions were discriminatory.

Accordingly, the Complaint is dismissed for failure to state a claim. Ordinarily, such a dismissal would be without prejudice, permitting the Plaintiff an opportunity to replead and supply the necessary factual allegations. But here, the Court declines to do so because, based on one of the few factual allegations that <u>does</u> appear in the Complaint, it appears this action is untimely. Title VII requires a plaintiff to commence suit within 90 days of receipt of a "Right to Sue" letter. 42 U.S.C. § 2000e-5(f)(1). The 90-day limit in not jurisdictional; it operates like a statute of limitations, and is subject to estoppel, waiver, and equitable tolling. *Calvert v. Roadway Exp., Inc.*, 32 Fed.Appx. 510, 512 (10th Cir. 2002) (unpublished), *citing Jarrett v. U.S. Sprint Communication Co.*, 22 F.3d 256, 259-60 (10th Cir. 1994). Here, the Plaintiff alleges she received notice of her right to sue in 2008, nearly three full years before commencing this action. Although it is not completely inconceivable that circumstances could exist that would justifying tolling that 90-day period for several years, the peculiar posture of this case strongly suggests that no such circumstances are present.

As the Defendant points out, the Plaintiff had previously attempted to bring suit alleging effectively identical claims, referring to the same Right to Sue letter and filing a form Complaint containing blank pages where the statement of supporting facts should be.  *See Helsper v. Chertoff*, D.C. Colo. Case No. 09-cv-00164-REB-CBS.  That Complaint was voluntarily dismissed by the Plaintiff (through counsel), without prejudice, on November 19, 2009.  Given that the Plaintiff has previously sought to litigate the claims encompassed by the October 29, 2008 Right to Sue letter, and that suit was voluntarily dismissed by the Plaintiff more than a year ago, the Plaintiff has offered no indication of any circumstances that would result in tolling of the 90-day period for filing suit.

The Defendant's Motion to Dismiss **(# 15)** is **GRANTED**, and the claims asserted by the Plaintiff are **DISMISSED**.  The Clerk of the Court shall close this case.

Dated this 5th day of March, 2012

                    **BY THE COURT:**

                    Marcia S. Krieger
                    United States District Judge